J-S61024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN R. HILL | : | |
| Appellant | : | No. 3534 EDA 2016 |

Appeal from the PCRA Order September 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009017-2012

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.: **FILED NOVEMBER 03, 2017**

Appellant, Shawn R. Hill, appeals from the order entered September 29, 2016, denying his petition for collateral relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In April 2014, following a bench trial, Appellant was convicted of murder in the first degree, two counts of attempted murder, conspiracy, two counts of aggravated assault, two counts of Possession of a Firearm by Prohibited Person, Firearms not to be Carried Without a License, Carrying Firearms on a Public Street in Philadelphia, three counts of Recklessly Endangering Another Person ("REAP"), and Possession of an Instrument of Crime ("PIC").[1]

---

[1] 18 Pa.C.S. §§ 2502(a), 901, 903, 2702(a), 6105(a)(1), 6106(a)(1), 6108, 2705, 907(a), respectively.

---

\* Retired Senior Judge assigned to the Superior Court.

Appellant was subsequently sentenced to life imprisonment for first-degree murder, followed by consecutive sentences of ten to twenty years for each count of attempted murder. Appellant was sentenced to ten to twenty years for conspiracy, four to eight years for Possession of Firearm by a Prohibited Person, three to six years for Firearms Not to be Carried Without a License, and six to twelve months for REAP to run concurrently with his sentence for attempted murder. Appellant timely appealed the judgment of sentence. He challenged the sufficiency and the weight of the evidence and asserted that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963). Appellant contended that the Commonwealth violated **Brady** by suppressing bullet fragments removed from the victim's body. **See** Appellant's 1925(b) Statement, 5/28/14. This Court affirmed the judgment of sentence on direct appeal. Regarding his **Brady** claim, this Court concluded that Appellant failed to prove that the Commonwealth suppressed evidence, or that the purported missing evidence was prejudicial. **See Commonwealth v. Hill**, 122 A.3d 1133 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 1205 (2015).

On January 5, 2016, Appellant timely filed a PCRA petition, and counsel was appointed. In his petition, Appellant claimed to have new evidence in support of his previously raised **Brady** claim, specifically, a statement from Albert Einstein Medical Center ("AEMC"), describing the hospital's policy of submitting all recovered projectiles to the Philadelphia Police Department.

- 2 -

In July 2016, counsel submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In September 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On September 29, 2016, Appellant responded to the court's Rule 907 notice, raising claims of ineffective assistance of PCRA counsel.[2] **See** Appellant's Response to 907 Notice at 2-8. On the same day Appellant's 907 response was received, the court issued an opinion and order, dismissing Appellant's petition and granting appointed counsel's petition to withdraw.

Appellant then filed the instant, timely appeal. The PCRA court did not direct Appellant's compliance with Pa.R.A.P. 1925(b).

Appellant timely filed a brief with this Court. In June 2017, Appellant filed a Request for Permission to File Supplemental Arguments Based on New Case Law. In July 2017, this Court granted Appellant leave to file a supplemental brief. Preliminarily, we must address the issues Appellant

---

[2] Appellant's response to the Rule 907 notice was docketed on September, 29, 2016. However, Appellant delivered his response to the prison mailroom on September 19, 2016. **See** Appellant's 10/6/16 letter to the trial court. Therefore, applying the prisoner mailbox rule, Appellant's response is timely. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281(Pa. Super. 2011), ("[W]e deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.") (citing **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007)).

purports to raise in his supplemental brief. Appellant's supplemental brief raises the following claims:

I.    Whether PCRA counsel was ineffective for unreasonably narrowing its investigation to the Commonwealth's illegal suppression of vital ballistic evidence without investigation lead detective (George Pirrone's) illegal withholding of evidence from the Commonwealth?

II.   Whether trial, appellate and PCRA counsel[`]s performances deprived appellant of his right to meaningful review where counsel allowed the Commonwealth to fraudulently misrepresent a material fact regarding the Commonwealth's possession of Sakima Santos and Chasity Cannon's medical records prior to trial?

III.  Whether PCRA counsel was deficient in his performance where he failed to ascertain evidence of detectives (James Pitts) conviction in a civil judgment/verdict, and (Ronald Dove's) guilty plea in a murder cover-up, both of which are crucial impeachable evidence surrounding Marcella Ingrum and Rory Hill's illegal arrests, extensive detention, and illegally coerced inculpatory [sic] statements used by the [c]ourt as definitive proof of [A]ppellant's guilty [sic]?

Appellant's Supplemental Brief at v.

Appellant did not preserve claims of PCRA counsel's ineffectiveness in his original brief to this Court. Further, this Court did not grant Appellant leave to raise new issues in his supplemental brief. Order, 7/7/17. As such, these issues are not properly before this Court, and we decline to review them.[3]

_____

[3] We note, however, that in his supplemental brief Appellant appears to conflate the newly discovered fact exception to the PCRA timeliness requirement with the substantive PCRA claim of after-discovered evidence.

Turning to those issues properly preserved, Appellant raises the following issues for our review:

I.    Whether the PCRA [c]ourt's final conclusion was deficient where it inexplicably quoted nearly verbatim its 1925(a) opinion issued on direct appeal without establishing independent evidentiary support for its denial of relief based on newly-discovered evidence?

II.   Whether the PCRA [c]ourt's adverse conclusion on its on [sic] court ordered DNA and fingerprint analysis – of which was stipulated as an undisputed fact - - survives a question of law where an interjection of personal scientific theories post-trial circumvented the stipulation and diminished the materiality of [Appellant's] ***Brady*** claim?

III.  Whether the PCRA [c]ourt's conclusion on [Appellant's] ***Brady*** claim - - now supported by newly discovered evidence - survives a question of law where the recent ***Dennis***[4] decision qualifies the final conclusion reached in this case as being contrary to, and an unreasonable application of established Federal and State precedent governing the constitutionality of illegal suppression of exculpatory evidence, versus a determination centered around a sufficiency of evidence evaluation?

Appellant's Brief at vii.

---

***Compare*** 42 Pa.C.S. §9545(b)(1)(ii), ***with*** 42 Pa.C.S. §9543(a)(2)(vi); ***see also Commonwealth v. Bennet***, 930 A.2d 1264, 1270-72 (Pa. 2007) (comparing the new facts timeliness exception and the after-discovered evidence claim).  In doing so, Appellant relies on ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017).  Appellant's PCRA is timely filed.  Accordingly, ***Burton*** is inapposite.  ***Id.*** at 638 ("Specifically, we hold that the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." (emphasis in original)).

4 ***Dennis v. Secretary***, ***Pa. Dep't. of Corr.***, 834 F.3d 263 (3d Cir. 2016).

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant's issues all center around an assertion that he has after-discovered evidence to support his ***Brady*** claim. Appellant's Brief at 9-10. Essentially, Appellant alleges that the Commonwealth failed to disclose, prior to trial, that doctors removed bullet fragments from the bodies of two victims. ***Id.*** at 9. According to Appellant, DNA and/or fingerprint evidence could be extracted from these fragments, providing him with exculpatory evidence. ***Id.*** Appellant asserts that he has discovered new evidence to support this claim. According to Appellant, he has obtained an affidavit from a private investigator describing AEMC's policy requiring all surgeons to submit recovered projectiles to the Philadelphia Police Department. ***See*** Appellant's Brief at 27, Exhibit C. Appellant concludes that this new evidence would likely compel a different verdict in his case.

A petitioner may prevail on an after-discovered evidence claim for relief if the petitioner proves:

> (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is

not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Burton***, 158 A.3d at 629. (citation omitted).

Here, Appellant's after-discovered evidence is not exculpatory. Rather, it is merely a statement of AEMC's policy, and as such, Appellant could easily have obtained this policy prior to trial through reasonable diligence. Further, Appellant's suggestion that exculpatory evidence could be extracted from these fragments is equally meritless. This Court has previously recognized that ballistics evidence involved in this incident was never linked to Appellant. ***Hill***, 122 A.3d 1133, *3-4. Finally, Appellant's murder conviction was premised upon a theory of conspiracy liability. ***Id.*** Thus, whether or not Appellant was "the shooter" or otherwise handled the bullet fragments extracted from the victims was not determinative of his guilt. To the contrary, Appellant was convicted based upon multiple eye-witness accounts. ***Id.*** For these reasons, the statement of AEMC policy would not compel a different verdict, and, therefore, the PCRA court did not err in denying Appellant relief.

Moreover, we agree with the trial court's observation that Appellant's after-discovered evidence claim is an attempt to relitigate his failed ***Brady*** claim. ***See*** Trial Court Opinion at 7. This is not permissible under the PCRA. ***See Commonwealth v. Jones***, 811 A.2d 994, 1000 (Pa. 2002) ("It is well-settled, however, that a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness."); ***see also*** 42 Pa.C.S. §§ 9543(a)(3), 9544.

This Court rejected Appellant's **_Brady_** claim on direct appeal:

> [A]s no ballistics evidence offered at trial incriminated Appellant, the missing evidence was not material, because no testing on the bullets removed from the victims could have exculpated Appellant or impeached the Commonwealth's evidence against him. Finally, as the Commonwealth notes, Appellant was convicted of conspiracy to commit first-degree murder, and therefore was responsible for the shootings even if it was his co-conspirator's gun that fired the bullets recovered from the bodies of the victims.

**_Commonwealth v. Hill_**, 122 A.3d 1133, *5. Accordingly, Appellant's claim was addressed on direct appeal and is now precluded from post-conviction review.

We affirm. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017